**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SALAHUDDIN F. SMART, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 13-0235 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| BOROUGH OF MAGNOLIA, et al., | : | |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff is a former pretrial detainee who was detained at the Camden County Correctional Facility. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously this matter was administratively terminated as plaintiff had failed to file a complete application to proceed *in forma pauperis*. Plaintiff has since filed another application to proceed *in forma pauperis* such that the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part.

## II.      BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. Plaintiff names five defendants in the complaint; specifically:  (1) Borough of

Magnolia; (2) Sergeant Paris; (3) Patrolman Bryson; (4) Howard Long, Sr. - Municipal Prosecutor; and (5) Howard Long Jr. – Municipal Prosecutor.

Plaintiff alleges that he was arrested by Sergeant Paris with Patrolman Bryson acting as backup on October 25, 2011 for refusing to provide his name to use as information on an incident report for domestic violence. He states that he was arrested under N.J. STAT. ANN. § 2C:29-1[1] for obstructing the administration of the law. Plaintiff alleges that he in fact gave his name to the officers "when he pointed to his legal documents for [the] officers observation." (Dkt. No. 1 at p. 5.) Plaintiff also claims that there was a failure to train the officers for exercising the arrest. Plaintiff claims that Howard Long Sr. is liable due to malicious prosecution. He states that he repeatedly went to Court on the charges but that the criminal charges against him were ultimately not pursued.

Plaintiff raises claims of malicious prosecution, false arrest and false imprisonment all arising from his arrest for failing to identify himself. He seeks monetary damages from the defendants.

---

[1] This section states as follows:

> A person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act. This section does not apply to failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

N.J. STAT. ANN. § 2C:29-1

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV.    DISCUSSION

A.  Sergeant Paris, Patrolman Bryson & Borough of Magnolia

The Court will permit plaintiff's claims against defendants Paris, Bryson and the Borough of Magnolia to proceed. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre,* 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police,* 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't,* 502 F. App'x 225, 228 (3d Cir. 2012). The arresting officer must only reasonably believe

4

at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.,* 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee,* 502 F. App'x at 228.

Plaintiff alleges that he was arrested for obstructing the administrative of the law for not giving his name to law enforcement officers. However, he also states that he gave his name to the officers when he pointed to legal documents for the officers to observe. Therefore, at this early stage of the proceedings, the Court will permit plaintiff's false arrest claim to proceed against Paris and Bryson as the Court finds that plaintiff has alleged that he was arrested with a lack of probable cause because he gave his name to the officers.

Closely related to the false arrest claim against Paris and Bryson is plaintiff's false imprisonment claim. "[W]here an individual was arrested without probable cause, he 'has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.' " *Simpson v. Owner of Dollar Tree Store,* No. 09–6162, 2010 WL 3364200, at *6 (E.D. Pa. Aug. 23, 2010) (quoting *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir. 1995) (citing *Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir. 1988))). For the reasons stated above regarding the false arrest claim, the false imprisonment claim, too, will be allowed to proceed against Paris and Bryson as well.

Plaintiff also states that there was a failure to train the officers properly for arresting individuals for obstructing the administration of the law. The Court presumes that this is a failure to train claim against the Borough of Magnolia. Plaintiff does not allege a pattern of violations that is typically necessary to allege a failure to train claim. *see Kline ex rel. Arndt v. Mansfield,* 255 F. App'x 624, 629 (3d Cir. 2007) (citing *Berg v. Cnty. of Allegheny,* 219 F.3d 261, 276 (3d

Cir. 2000) (per curiam) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 408–09 (1997))). However,

> in a narrow range of circumstances, a violation of federal rights may be a highly predicable consequence of a failure to equip law enforcement officers with specific tools to handle recurrent situations. The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice—namely, a violation of a specific constitutional or statutory right.

*Bryan Cnty.,* 520 U.S. at 409. Accordingly, it is on this basis that the Court will permit the failure to train claim against the Borough of Magnolia to proceed past screening at this early stage of the proceedings.

   B.  Howard Long Sr. & Howard Long Jr.

Plaintiff's complaint is predominantly devoid of allegations against Howard Long Sr. and is completely devoid of allegations against Howard Long Jr. However, as plaintiff names these two defendants as prosecutors, and given the fact that plaintiff asserts that he was maliciously prosecuted, this Court will assume for purposes of this screening Opinion that these two prosecutors were involved in prosecuting plaintiff on his arrest for obstructing the administration of the law.

A state prosecuting attorney who acts within the scope of his duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983. *See Imbler v. Pachtman,* 424 U.S. 409, 410 (1976); *see also Arsad v. Means,* 365 F. App'x 327, 329 (3d Cir. 2010) (per curiam). A prosecutor's appearance in court as an advocate of the state's position or the presentation of evidence at a hearing is protected by absolute immunity. *See Burns v. Reed,* 500 U.S. 478, 492 (1991). In this case, plaintiff's claims against Long Sr. and Long Jr. appear related

6

to their pursuit of the criminal action against plaintiff in court. Therefore, the alleged claims against them will be dismissed without prejudice as they are immune.

## V.     CONCLUSION

For the foregoing reasons, the Court will permit plaintiff's claims against Paris, Bryson and the Borough of Magnolia to proceed. Plaintiff's claims against Long Sr. and Long Jr. will be dismissed without prejudice as they are immune. An appropriate Order will be entered.


DATED:   August 18, 2015

                                         s/Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge